**Nuria Lizbeth VALDEZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–73364.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 16, 2008.

Nuria Lizbeth Valdez, San Jose, CA, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, D.C., for Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. Agency No. A72–171–801.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: TASHIMA, SILVERMAN, and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

Nuria Lizbeth Valdez, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition.

Substantial evidence supports the IJ's conclusion that the threats and harassment Valdez endured in Guatemala did not rise to the level of persecution. *See Nagoulko v. INS,* 333 F.3d 1012, 1016–17 (9th Cir. 2003). Substantial evidence also supports the IJ's conclusion that Valdez did not establish that her fear of persecution was objectively reasonable because her fear was too speculative. *See id.* at 1018. Accordingly, Valdez's asylum claim fails.

In her opening brief, Valdez does not address, and therefore has waived, any challenge to the denial of withholding of removal and CAT. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir. 1996).

Finally, Valdez's contention that the BIA's decision to affirm the IJ's decision without opinion violated her due process rights is foreclosed by *Falcon Carriche v.*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Ashcroft,* 350 F.3d 845, 849–52 (9th Cir. 2003).

### PETITION FOR REVIEW DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-